UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. BABIN | CIVIL ACTION |
| VERSUS | NO. 15-5124 |
| QUALITY ENERGY SERVICES, INC., ET AL. | SECTION A(2) |

### ORDER AND REASONS

The following motion is before the Court:

**Motion for Summary Judgment (Rec. Doc. 17)** filed by defendant Quality Energy Services, Inc. Plaintiff Todd Babin opposes the motion. The motion, submitted to the Court on August 24, 2016, is before the Court on the briefs without oral argument.

This case arises out of plaintiff Todd Babin's claim for ERISA benefits pertaining to his former employment with defendant Quality Energy Services, Inc. The sole issue before the Court is whether Plaintiff's claim for failure to provide requested information pursuant to 29 U.S.C. § 1132(c) has prescribed.[1] Through his attorney, Plaintiff requested plan documents on February 5, 2014. (Rec. Doc. 17-3 Exhibit B, Attorney Letter). Apparently those documents were never produced. Plaintiff filed suit on October 12, 2015, more than one year after the violation occurred.

---

[1] 29 U.S.C. § 1024(b)(4) imposes a duty on the plan administrator to furnish a copy of plan documents upon written request. Section 1032(c)(1) provides the enforcement mechanism if the documents are not produced within 30 days after such a request: the district court in its discretion may award the participant up to $100 per day and any other relief that it deems appropriate.
  Plaintiff also had asserted a claim for failure to pay benefits under 29 U.S.C. § 1132(a)(1)(B) but that claim has been resolved amicably in Plaintiff's favor.
  In his opposition Plaintiff points out that he still has pending a claim for breach of fiduciary duty. The Court did not interpret Defendant's motion as challenging this specific claim so Defendant is not entitled to have the complaint dismissed in its entirety regardless of the Court's disposition of the § 1132(c) claim. Defendant did challenge, however, Plaintiff's claims under Title 22 (the Louisiana Insurance Code) as being preempted by ERISA Plaintiff did not contest this aspect of Defendant's motion so the motion will be granted as to any state law Insurance Code claims.

Prescription turns on whether the appropriate limitations period for such a claim is one year or something longer like five or even ten years. ERISA's statutory scheme itself does not provide the limitations period, so the appropriate period is borrowed from analogous state law. *See Hatteberg v. Red Adair Co.*, 79 Fed. Appx. 709, 715 (5th Cir. 2003) (unpublished) (citing *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991)).

Defendant argues that the Court should apply a one year limitations period in accordance with Judge Fallon's decision in *Center for Restorative Breast Surgery, LLC v. Humana Health Benefit Plan of Louisiana, Inc.*, 2015 WL 4394034 (E.D. La. July 15, 2015). Meanwhile, Plaintiff urges the Court to rule in accordance with the decision in *Seal v. Maverick Claims*, LLC, 2015 WL 4509629 (E.D. La. July 24, 2015) (Engelhardt, C.J.), and hold that a ten year limitations period applies.[2] Plaintiff contends that *Center for Restorative Breast Surgery* is based on an erroneous reading of the Fifth Circuit's decision in *Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504 (5th Cir. 2004), and should not be considered persuasive.

*Lopez,* while grappling with the appropriate Texas limitations period for a § 1132(c) claim grounded on COBRA, instructs not only that the most closely analogous state law provides the limitations period for a § 1132(c) claim but also that the structure of the remedy for § 1132(c)

---

[2] Plaintiff also cites one of this Court's own decisions — *Amat v. Seafarers International Union*, 2002 WL 511540 (E.D. La. Apr. 3, 2002) — as an example where a ten year limitations period was applied. To the contrary, the Court specifically stated that it was not determining whether the one or ten year prescriptive period would apply because the claim was prescribed under either time period. Plaintiff's mistaken reliance on this case is explained by the fact that the version of the decision available through Westlaw omits nearly a half page of the Court's opinion beginning on page 8 of the original order and reasons docketed on April 4, 2002. (Civil Action 01-1563 Rec. Doc. 24). The Lexis version that Defendant relies upon contains the Court's full opinion. (*Id.* at 8).
  In *Seal*, Judge Engelhardt did conclude that a one year limitations period should apply based on the facts before him. *Seal*, 2015 WL 4509629 at *6 n.4. But neither of the two district court cases cited — one of which was the *Amat* decision — actually applied a ten year limitations period to a § 1132(c) claim. Judge Engelhard expressly disagreed with *Doucet v. Turner Industries*, LLC, No. 13-225, 2013 WL 3059761 (W.D. La. June 14, 2013) (Minaldi, J.), wherein the district court held that a one year limitations period should apply.

violations is elucidating in and of itself. *Lopez*, 389 F.3d at 509. As the appellate court observed, § 1132(c) defines the remedies available for various ERISA violations and expressly distinguishes between suits brought to penalize a failure to comply with statutory disclosure requirements and suits brought to enforce the specific terms of an employee benefit plan. *Id.* The applicable remedy in *Lopez*, as is the case herein, was a statutory damages award of up to $100 a day, and other discretionary relief as deemed appropriate. 29 U.S.C. § 1132(c)(1). Such a remedy would not be consistent with, for example, a remedy designed to redress breach of a contractual obligation. *Id.*

It is clear that Plaintiff's claim for statutory penalties for failure to produce requested plan documents is not analogous to a claim for breach of contract because his claim is not contractual in nature. Instead, Plaintiff argues that the Court should analogize his § 1132(c) claim to a claim for breach of a fiduciary duty, which also employs the ten year period for personal actions found in Louisiana Civil Code article 3499. After all, Defendant was the plan administrator and a fiduciary via à vis Plaintiff, and was responsible for providing plan documents in that role. Plaintiff contends that *Hatteberg, supra*, is a decision in which the Fifth Circuit applied the Texas statute of limitations for breach of fiduciary duty to a § 1132(c) claim, and that *Kujanek v. Houston Poly Bag I, Ltd.*, 658 F.3d 483, 488 (5th Cir. 2011), recognizes that producing plan documents is one of the fiduciary duties owed to a plan participant.

The Court finds Plaintiff's argument unpersuasive for several reasons. Characterizing a § 1132(c) claim as a claim for breach of a fiduciary duty would be inconsistent with the well-settled law in this circuit that recognizes that the limitations period for a § 1132(c) claim is borrowed from state law. The inconsistency would arise in light of 29 U.S.C. § 1113, which as a matter of federal law, gives a specific limitations period for breaches of fiduciary duties under ERISA. Rather than

apply this limitations period, courts — including the Fifth Circuit — borrow the state law's most analogous limitations period. This borrowing from state law suggests that the nature of the statutory penalties claim is not analogous to a claim for breach of a fiduciary duty.

Declining to apply § 1113 even though the plan administrator and the plan participant share a fiduciary relationship is actually consistent with Louisiana law. Under Louisiana law, not every claim against a fiduciary is ipso facto considered a claim for breach of fiduciary duty governed by the longer ten year period governing personal actions. *See Beckstrom v. Parnell*, 730 So. 2d 942, 947 (La. App. 1st Cir. 1998). Instead, Louisiana courts look to the underlying nature of the claim to determine if it is indeed one for breach of a fiduciary duty versus one for mere negligence against a fiduciary. *Id.* Claims for breach of fiduciary duty are based generally on the breach of the duty of loyalty, which is what distinguishes the fiduciary relationship. *Id.* (citing *Gerdes v. Estate of Cush*, 953 F.2d 201, 205 (5th Cir. 1992)). A cause of action for breach of fiduciary duty requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority. *Id.*

A claim for breaching the statutory obligation to produce plan documents is one seeking a civil penalty imposed at the district court's discretion. The underlying nature of this statutory penalties claim, and the limited remedy that it provides, is not analogous to a claim for breach of a fiduciary duty.

Finally, *Hatteberg, supra*, does not support Plaintiff's contention that the Louisiana prescriptive period that governs breach of fiduciary duty claims should apply to his § 1132(c) claim. In fact, a careful reading of *Hatteberg* and the decision that it cites at footnote 1, *Kansa Reinsurance Co. v. Stewart Title Co.*, 20 F.3d 1362, 1374 (5th Cir. 1994), reveals that Texas treats a claim for breach of a fiduciary duty as a tort claim and applies the tort prescriptive period

to those claims. Thus, *Hatteberg* is not a decision that rejected the tort limitations period in favor of the period governing claims for breach of a fiduciary duty. In fact, the two limitations periods were one and the same, at least at the time that the decision was authored.

In sum, given the nature of a § 1132(c) claim and the remedy that it provides, the Court is persuaded that the most analogous limitations period supplied by Louisiana law is Civil Code article 3492's one year period governing delictual actions. Because Plaintiff filed suit more than one year after his § 1132(c) claim accrued, the claim is time-barred.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 17)** filed by defendant Quality Energy Services, Inc.. is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Plaintiff's ERISA claim for failure to produce plan documents and as to his Title 22 Louisiana Insurance Code claims. The motion is **DENIED** insofar as Defendant seeks to dismiss the complaint in its entirety.

September 27, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE