UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. BABIN | CIVIL ACTION |
| VERSUS | NO. 15-5124 |
| QUALITY ENERGY SERVICES, INC., ET AL. | SECTION A(2) |

### ORDER AND REASONS

The following motions are before the Court:

**Motion for Summary Judgment (Rec. Doc. 24)** filed by defendant Quality Energy Services, Inc. Plaintiff Todd Babin opposes the motion.

**Motion for Rule 54(b) Judgment and Stay Pending Appeal (Rec. Doc. 27)** filed by plaintiff Todd Babin. Defendant Quality Energy Services, Inc. opposes the motion.

The motions, submitted to the Court on December 14, 2016, are before the Court on the briefs without oral argument.

This case arises out of plaintiff Todd Babin's claim for ERISA benefits pertaining to his former employment with defendant Quality Energy Services, Inc. The sole issue before the Court is whether Plaintiff has a pending and viable claim for breach of fiduciary duty against Quality Energy. All other claims in this case have been disposed of.[1] (Rec. Doc. 22 & n.1).

Plaintiff contends that paragraph 8 of the Complaint constitutes an independent claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). Factually, this fiduciary duty claim is

---

[1] Plaintiff had asserted a claim for failure to pay benefits under 29 U.S.C. § 1132(a)(1)(B) but that claim has been resolved amicably in Plaintiff's favor. The compromise resulted in the dismissal of Standard Insurance Co.
    On September 27, 2016, the Court granted summary judgment in favor of Quality Energy on Plaintiff's § 1132(c) claim for failure to provide requested information. (Rec. Doc. 22). The Court found that the claim was prescribed. That ruling is the subject of Plaintiff's Rule 54(b) motion.

grounded on omissions by Quality Energy — while acting as plan fiduciary — that caused Plaintiff to be denied both short and long-term disability benefits under policies issued by onetime defendant Standard Insurance Co.

The Court notes that the structure and formatting in the Complaint suggest that only two ERISA causes of action were being asserted: 1) "claims under 29 USC 1132 (b) [sic] - failure to pay benefits," and 2) "claims under 29 USC 1132 (c) - failure to provide requested information." (Rec. Doc. 1 at 3). Paragraph 8 of the Complaint is not only firmly imbedded in the "failure to pay benefits" section of the pleading, it is one of only two paragraphs that flesh out that cause of action. Section 1132(c) is never mentioned. Nonetheless, the Court will give the Complaint the broadest of readings and will assume for purposes of this motion that Babin has successfully pleaded a breach of fiduciary duty claim against Quality Energy.

Quality Energy moves for summary judgment on the breach of fiduciary duty claim arguing that 1) under controlling law a plaintiff cannot pursue both a claim for benefits and a claim for breach of fiduciary duty, and 2) Plaintiff released his claim for breach of fiduciary duty when he settled his benefits claim earlier this year with Quality Energy and Standard Insurance Co.

The Court has studied all of the controlling decisions that impact whether Babin could pursue both a claim for plan benefits and a claim for breach of fiduciary duty. It is clear that a plaintiff can plead the claims in the alternative but a § 1132(c) fiduciary duty claim is designed to provide equitable relief in situations where a § 1132(a)(1)(B) claim for benefits is not available. Undoubtedly Babin's situation places him squarely within the class of persons that an equitable claim was intended to protect because through no fault of his own — and according to Babin through fault solely attributable to Quality Energy — he was not entitled to receive either short-

term or long-term plan benefits from Standard Insurance under the terms of its policies.[2] Thus, it is clear that Babin could sue Standard Insurance for benefits under its policies, and he could sue Quality Energy for the omissions that cost him benefits coverage, which is exactly what he did. And even though the measure of damages on the two claims might be the same, and even though double recovery would surely not be permissible, the causes of action are distinct. The actual underlying legal question presented by Quality Energy's motion is whether settling the benefits claim with Standard Insurance served to deprive Babin of his equitable claim against Quality Energy under § 1132(c).[3] The Court need not address this legal question because the Court is persuaded that regardless of the answer to the legal question, the scope of release that Babin signed forecloses the § 1132(c) claim. In other words, Quality Energy's second argument pertaining to the scope of the settlement agreement has merit.

Sealed Exhibit A to Defendant's motion for summary judgment is a copy of the confidential release that Plaintiff executed when he entered into a partial compromise with Standard Insurance Co. and Quality Energy earlier this year. (Rec. Doc. 24-6 Exhibit A Sealed). The release was executed on April 15, 2016, which was several months after this lawsuit had been pending, and the release references this case by name and number. (Rec. Doc. 24-6 at 1). It is beyond cavil that the compromise was intended to dispose of the first claim for failure to pay benefits in its entirety. The release language could not be broader in this respect — it releases

---

[2] The Court's appreciation of a § 1132(c) equitable relief claim is that it would be similar in function to a claim for unjust enrichment under Louisiana law, triggering only to remedy an injustice when the plaintiff has no other remedy at law against the defendant.

[3] The Court has not been informed of the amount of the settlement and whether it was an amount that made Babin completely whole in terms of benefits and compensation for his counsel. The Court can envision a situation where the plaintiff, aggrieved by his employer's breaches of fiduciary duty, is forced to settle with the insurer for a smaller amount than the benefits that he would otherwise be due but for the breaches. In such a situation, the Court agrees with Babin's argument that it makes little sense to absolve the employer for its own damaging conduct based on a settlement with the insurer.

both Standard Insurance *and Quality Energy* from "all rights, claims and causes of action, whether known or unknown, suspected or unsuspected, claimed or unclaimed, asserted or unasserted, that Babin may now have, ever had, or at any time in the future may have, against [Standard Insurance and Quality Energy], arising directly or indirectly out of, from or in any manner related to the disability claim."

A single claim is excluded from this broad release: "Babin does not release any claims against [Quality Energy] for penalties under ERISA, 29 U.S.C. 1132(c)." (Rec. Doc. 24-6 at 2). This latter claim is of course the one that the Court found to be prescribed.

The construction of a settlement agreement is governed by principles of local law applicable to contracts generally. *In re Deepwater Horizon*, 785 F.3d 986, 994 (5th Cir. 2015) (quoting *Fla. Educ. Ass'n, Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir.1973)). The confidential release does not contain a choice of law provision. The Court therefore applies Louisiana law.

Contracts are interpreted based on the parties' intent. *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611–12 (5th Cir. 2014) (citing *Prejean v. Guillory,* 38 So. 3d 274, 279 (La. 2010)). The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself." *Id.* If the contract is unambiguous and does not have absurd consequences, the court must apply the ordinary meaning of the contractual language. *Id.*

The settlement agreement is not ambiguous and its language is clear. It releases both Standard Insurance and Quality Energy for all claims (in the broadest of terms) related to the benefits claim. The fiduciary duty claim is related to the benefits claim and it is even pleaded as part of that claim. That the claims are distinct legally is insufficient to carve the claim out of the exceedingly broad release language, and this is particularly true since the release operates in favor of both defendants to the case. Moreover, the fact that the parties expressly identified the

single claim that they intended to except from the settlement is telling. The failure to provide requested information claim against Quality Energy was preserved by name even though it is far less related to the benefits claim than the alternative fiduciary duty claim. Even if the Court found it plausible that the fiduciary duty claim did not relate to the benefits claim, the Court is persuaded that it was the parties' intent — based on the clear language of the release — to preserve only a single claim against Quality Energy. The fiduciary duty claim is subject to the release.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 24)** filed by defendant Quality Energy Services, Inc. is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion for Rule 54(b) Judgment and Stay Pending Appeal (Rec. Doc. 27)** filed by plaintiff Todd Babin is **DENIED AS MOOT**. The Clerk will prepare a final judgment now that all claims are concluded.

December 22, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE